UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CESAR O GARCIA,

       Petitioner,

v.                                                           Case No. 17-C-693

WILLIAM J POLLARD,

       Respondent.

## SCREENING ORDER

On May 17, 2017, Petitioner Cesar O. Garcia filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Kenosha County Circuit Court of three counts of attempted first degree intentional homicide, three counts of first degree reckless endangering safety, and one count of aggravated battery by use of a dangerous weapon. Prior to sentencing, the prosecutor moved to dismiss the three counts of first degree reckless endangering safety, realizing that they were lesser included charges of the three counts of attempted first degree intentional homicide under Wisconsin law. He was sentenced to 40 years initial confinement and is currently incarcerated at Dodge Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases.

Garcia essentially raises five different grounds for relief: (1) trial counsel was ineffective for failing to properly address that he was charged and convicted on both attempted first degree intentional homicide and its lesser included offense of first degree reckless endangering safety; (2) trial counsel was ineffective by improperly introducing other acts evidence about a prior arrest and allowing the prosecutor to question Garcia about it; (3) the prosecutor's improper comments during closing arguments deprived him of due process and his trial counsel was ineffective for failing to object on that ground; (4) postconviction counsel was ineffective for failing to allege trial counsel was ineffective for omitting the improper closing argument and other acts evidence arguments; and (5) the cumulative effect of the above errors prejudiced his defense at trial.

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The granting of such relief by federal courts is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In evaluating an application for habeas corpus pursuant to the judgment of a state court, facts determined by the state court are presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant is burdened with rebutting the presumption of correctness by clear and convincing evidence. *Id.*

When determining whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law, lower federal courts must look exclusively to Supreme Court precedent in reviewing habeas petitioners' claims. *Sweeney v. Parke*, 113 F.3d 716, 718 (7th Cir. 1997). Petitioners "must show that the Supreme Court has 'clearly established' the propositions essential to their position." *Mueller v. Sullivan*, 141 F.3d 1232, 1234 (7th Cir. 1998). A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The state court decision involves an unreasonable application of such law if "the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. I will address each of Petitioner's claims in turn.

**A. Lesser Included Offenses**

Garcia claims he received ineffective assistance of trial counsel regarding her treatment of the lesser included offenses. He was charged and convicted of first degree intentional homicide (Counts 1, 3, and 5), but also on the lesser included offense first degree reckless endangering safety

3

(Counts 2, 4, and 6). He asserts that trial counsel should have filed a pre-trial motion to compel the State to either prosecute under Counts 1, 3, and 5 or under Counts 2, 4, and 6. He also asserts that trial counsel was ineffective for the failure to consider, request, and argue for a jury instruction explaining "lesser included offenses."

"[T]he Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U.S. 161, 169 (1977). Ineffective assistance of counsel deprives a defendant of his Sixth Amendment right to counsel and is therefore a proper ground for relief under 28 U.S.C. § 2254. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel was deficient in his performance and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance requires demonstrating that the lawyer's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *Id.* at 687–88. To establish prejudice, a petitioner must show that there is a reasonable probability that but for his lawyer's deficient performance, the result of the proceeding would have been different. *Id.* at 694.

Here, the Wisconsin Court of Appeals noted that the State moved to dismiss the counts of first-degree reckless endangerment following his convictions after it realized that first-degree reckless endangerment is a lesser included offense of attempted first-degree intentional homicide. The Court concluded that even if Garcia's trial counsel was ineffective for her handling of the lesser included offenses, Garcia failed to show he suffered prejudice because the lesser included offense convictions were dismissed before he could be punished on both the greater and lesser offenses. The State Court's decision is not contrary to or an unreasonable application of clearly established federal law and this claim will be dismissed.

**B. Other Acts Evidence**

Garcia asserts another claim of ineffective assistance of trial counsel relating to questions about Garcia's prior arrest in Racine County for carrying a concealed weapon. He claims his trial counsel improperly questioned him about a prior arrest because there were no pre-trial motions to request that this other acts evidence could be used and because he was never convicted of the offense for which he was arrested. Garcia further argues the State cross-examined him about his prior arrest and that his trial counsel failed to object.

Trial counsel's decisions regarding the nature and extent of cross-examination are strategic choices ordinarily entitled to great deference. However, the Wisconsin Court of Appeals denied this claim on procedural grounds and did not analyze whether counsel's decision to question about Garcia's prior arrest or to not object to cross-examination on the issue was deficient or prejudicial. The facts before the court are not sufficient to determine whether trial counsel's decisions regarding Garcia's arrest rose to the level of ineffective assistance of counsel. According, this claim will proceed.

**C. Improper Closing Argument**

Garcia next alleges that trial counsel was ineffective in failing to object to the prosecutor's improper closing argument. He contends that the prosecutor improperly stated that the jury should acquit Garcia if they believed the officers were lying, but if that was the case, then the officers and the prosecutor should go to prison. ECF No. 1-1 at 3.

*Darden v. Wainwright*, 477 U.S. 168 (1986), established a two-prong test for determining whether a prosecutor's comments in closing argument constitute a denial of due process. The court must first look to the challenged comments to determine whether they were improper. If the

5

comments were improper, the court must consider a number of factors to determine whether the defendant was prejudiced by the comments. *Ruvalcaba v. Chandler*, 416 F.3d 555, 565 (7th Cir. 2005). Among the factors to be considered by the court in deciding whether the defendant was prejudiced by the comments are: "(1) whether the prosecutor misstated the evidence, (2) whether the remarks implicate specific rights of the accused, (3) whether the defense invited the response, (4) the trial court's instructions, (5) the weight of the evidence against the defendant, and (6) the defendant's opportunity to rebut." *Howard v. Gramley*, 225 F.3d 784, 793 (7th Cir. 2000). In determining whether the prosecutors' remarks were prejudicial, however, "it is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181; *Donnelly v. De Christoforo*, 416 U.S. 637, 643 (1974). Finally, whether the prosecutor's conduct affected the fairness of the trial is determined by viewing the statements in context. *U.S. v. Young*, 470 U.S. 1, 7 (1985).

It is unclear whether the state courts considered Garcia's improper closing argument claim. Nevertheless, without reviewing the entirety of the closings, it is not possible to undertake the kind of review *Darden* requires for the court to determine no violation of due process occurred. The role of a prosecutor in a closing argument is to explain how, in his or her opinion, the evidence that the jury has heard proves the defendant's guilt beyond a reasonable doubt. The brief quote provided by Garcia is not sufficient for this court to determine whether portions of the prosecutor's argument in this case was improper and prejudicial or whether, read in context, was entirely appropriate. As a result, this claim will also survive.

**D. Ineffective Assistance of Postconviction Counsel**

Garcia also raises a claim that postconviction counsel was ineffective. He asserts that he requested postconviction counsel to raise more issues, that he wrote letters telling postconviction counsel he wanted the ineffectiveness of his trial counsel to be challenged in the appeal, and that he told postconviction counsel "about some of the issues he wanted raised." ECF No. 1-1 at 4. In essence, this claim appears to be the vehicle by which Garcia raises the latter two claims described above. Apparently, neither claim was raised in Garcia's first post-conviction motion or on direct appeal, and the court of appeals held that he was barred from raising the issues in a subsequent motion for post conviction relief under § 974.06 by *Escalona-Naranjo*. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181, 517 N.W. 2d 157 (1994) (holding that absent sufficient reason for failing to do so, any claim that could have been raised on direct appeal or § 974.02 motion is barred and cannot be raised in § 974.06 motion for post conviction relief).

The rule stated in *Escalona-Naranjo* is what is considered an independent state procedural rule that bars federal review under § 2254. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). In other words, *Escalona-Naranjo* operates as a procedural bar to further review, including federal review under § 2254. A procedurally defaulted claim is not barred, however, where the petitioner can establish "cause and prejudice;" that is cause for the default and prejudice attributable thereto. *Id.* at 750. Alternatively, review of a procedurally defaulted claim is available if the petitioner demonstrates that the failure to consider it will result in a "fundamental miscarriage of justice." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 495 (1986)).

Here, Garcia should be allowed an opportunity to demonstrate cause and prejudice or, alternatively, that he will suffer a fundamental miscarriage of justice if federal review of his defaulted

7

claims is not allowed. Accordingly, his ineffective assistance of appellate counsel claim may also proceed.

**E. Combined Effects of Identified Errors**

Finally, Garcia claims that the combined effects of the identified errors prejudiced his defense. Based on the foregoing, only three of Garcia's alleged claims survive. If a more complete review shows he is entitled to relief on those grounds, it will be ordered. His catch-all claim is not a federal constitutional claim and therefore will be dismissed.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Garcia's ineffective assistance of counsel claim based on his attorney's introduction of other act evidence, his due process claim based on improper closing argument, and his ineffective assistance of post-conviction or appellate counsel remain. All other claims are dismissed.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that upon consideration of the Respondent's answer or motion, the court will determine whether further briefing is required. Petitioner may of course file a reply to the Respondent's answer or other filing within 30 days thereafter.

Dated this  16th  day of June, 2017.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court